Good morning, and welcome to the Court of Appeals. We have three cases for argument. We're going to start with the case of Moss v. Ballard. And, Professor Walters, I take it you're going to introduce someone. I am, Your Honor. Justice O'Connor, members of the Court, I'm pleased to court Neil Walters from the University of Virginia School of Law. It's a pleasure this morning to introduce Stuart McComas, a third-year student who will be presenting the argument this morning. Your Honors, and may it please the Court, my name is Stuart McComas, and I represent Petitioner John Moss. Your Honors, no court, state or federal, at any level, has analyzed Mr. Moss's claim for ineffective assistance of counsel under the Sixth Amendment. No court, state or federal, at any level, has applied Strickland to the facts of Mr. Moss's case. It is up to this Court to ensure that Strickland is finally applied to Mr. Moss's case. That what? That Strickland what? It is up to this Court to ensure that Strickland is finally applied to the facts of Mr. Moss's case. Well, there was a decision on the merits, maybe not directly on the contours of Strickland, but the case was decided, the claim was decided on the merits by finding that the confession, the two confessions at issue in this case had been deemed admissible because of a prior state court ruling. Isn't that a decision on the merits? Yes, Your Honor, it is a decision on the merits, however... If it is, then isn't it entitled to the deference that AEDPA requires that we give it? Are you speaking of the state court decision or the federal district court decision, Your Honor? Well, I'm speaking about both. Well, 2254 applies to state court decisions where a federal claim has been decided on the merits, has been adjudicated on the merits. That's correct. So, in this particular instance, it's apparent that the state court explicitly refused to address the merits of Mr. Moss's claim. The state court specifically stated, and I'll quote directly from their opinion... Let's make sure we're talking about the same state court. We're talking about the West Virginia Supreme Court Appeals. West Virginia State Court. That's correct. And the first case was one in which the court effectively said that these two particular confessions would not be barred because it had already been decided without objection. I must be mistaken, Your Honor. I'm speaking about the initial state habeas decision, which under 2254, I believe, is... I believe that's the decision that Judge Diaz was arguing deserved deference. Now, if that's not the decision we're speaking about, are we speaking about the... Well, I want the clarification because you have two different decisions. That's correct. And we're speaking about the first state habeas decision on Mr. Moss's claim for ineffective assistance of counsel. And in that particular decision, the state habeas court said, The court finds that these grounds relate to the admissibility of Mr. Moss's confessions, which has been previously raised, considered, and denied on the merits by the Supreme Court of Appeals and this court in Mr. Moss's prior habeas petitions and appeal. Mr. Moss had never before raised an ineffective assistance of counsel claim in any of his prior habeas petitions or in any prior state court proceedings. So... Okay, well, that suggests that perhaps the court got it wrong, but it doesn't suggest that the court didn't decide the case. You're complaining about the correctness of that decision. Doesn't that decision still deserve deference under the relevant statute? Under 2254... And the Supreme Court recently decided a case on this very question, Your Honor, Johnson v. Williams, that we didn't have an opportunity to brief. But you're correct. Under 2254, there is a presumption, but it is a rebuttable presumption, that the state court decided the Strickland claim on the merits. However, the court in Johnson v. Williams recently in March, Justice Alito, in that decision, stated that this presumption can be rebutted by evidence that the state court did not consider the claim on the merits. We think, reading the state habeas court's opinion, that it's clear that the state court explicitly refused to hear Mr. Moss's Strickland claim. They didn't provide any Strickland analysis. They cited no federal law, and they applied no federal law to Mr. Moss's claim for ineffective assistance of counsel. Clearly, the state court must have made an error. They claimed that this claim had been previously adjudicated, potentially in a previous habeas petition. But we've gone through the record, Your Honor, and this claim just was never raised or adjudicated by any prior West Virginia court. That affects your standard of review, depending on whether it was adjudicated on the merits. That's correct, Your Honor. We think we can meet even the heightened standard of review, even if the district court had given deference to this particular state court decision. We think that there was no application of federal law in this particular decision. The state court made explicit that it was not going to adjudicate Mr. Moss's claim. Moreover, and now turning to the Strickland analysis that the district court and the state court should have performed, moreover, Mr. Moss's first trial counsel was constitutionally ineffective. First, Mr. Moss's first trial counsel performed deficiently when he failed to object to the admission of two confessions obtained in violation of West Virginia's prompt resentment statute. Is that because you say he should have predicted the change in the law that Ellsworth wrought upon this case? No, Your Honor. The West Virginia prompt resentment statute was good law at the time of Mr. Moss's first trial. It may have been, but it may not have been as compelling a version of the law. As I understood the law back then, the failure to comply with that statute was simply one ground among many for determining the voluntariness of a confession. Now we have Ellsworth, which suggests that it can be the fait accompli of whether or not a confession comes in. Those are two very different standards. So are we supposed to hold counsel to be a pronosticator of the law? Is that your test? That is not our test, Your Honor, and that's not our test because Mr. Moss's first trial counsel actually objected to the admission of a third confession as being obtained in violation of this particular statute. As I said previously, this particular statute was good law on the books at the time of Mr. Moss's first trial. At the suppression hearing two weeks before Mr. Moss's first trial, his counsel cited to this particular statute. So his counsel understood this statute was good law, but inexplicably failed to object, and there was no sound trial strategy. Well, he did object. He just didn't object on the grounds that you now find so compelling, right? That's correct. So is that the test? Because he decided that one particular strategy over another was the better course to take back then? Your Honor, in this particular instance, no hindsight is necessary. He should have objected to all three confessions. The first two confessions were obtained in violation of the West Virginia Prompt Presentment Statute. That much was evident to the West Virginia Supreme Court when the West Virginia Supreme Court stated, you know, it is uncontroverted that Mr. Moss was never taken before a neutral judicial official. To not object to these two confessions and to object to the third confession is clear evidence that the counsel just either didn't understand the statute, didn't have a good grasp of the statute, but I thought he did object. He just didn't object in the specific way that you wanted him to, and that objection was a general objection that actually encompassed this. It just had to be accompanied by some other factors that Ellsworth later on said were not necessary. That's correct, Your Honor. However, his objection was somewhat convoluted, and if you read the transcript of the suppression hearing in the record, it appeared that he just didn't have the proper grasp of the West Virginia law. He understood it existed. He objected to the third confession in violation of it, and moreover, the West Virginia Supreme Court found his objection to at least the third confession sufficient. So we're simply arguing that his performance fell below an objectively reasonable standard. And that's true in every case like this. If we hold in your direction, then basically we've said it's a per se ineffective assistance of counsel for any matter in which counsel did not object before the Ellsworth decision was handed out. No, Your Honor. I think that would be an overly broad understanding of what we're asking you to hold. We're asking you to hold in this particular instance where counsel knew of the law, evidenced the knowledge of the law, but failed to object to two confessions that pretty clearly violated the law and that the West Virginia Supreme Court eventually held violated the law, that in that particular instance certainly a failure to object would be division performance, performance that fell below an objective standard of reasonableness. The State seemed to imply in its brief that if we were to so find that that would in effect be a new rule that would not and should not be applied retroactively to help your client in this case. What do you say about that? Your Honor, deficient performance is fact intensive. Well, it may be. And Strickland certainly is something that's not new. But the particular circumstances of this case where you have a first trial whose judgment is vacated, and that's the trial in which counsel's performance is being assessed, you've got a new trial now, and of course because of the Supreme Court of Appeals of Virginia's decision, those confessions come in. So the question is applying Strickland in this unique set of circumstances, is that a new rule that under Teague would not be retroactively applicable to your client's circumstances? That is not a new rule, Your Honor, because the Sixth Amendment mandates that Strickland be applied to this particular circumstance. The Sixth Amendment states that every criminal defendant is entitled to assistance of counsel, and the Supreme Court in Strickland read that to include an effective assistance of counsel. So in this particular circumstance, Mr. Moss received ineffective assistance of counsel when his first trial counsel failed to object, and that prejudiced him at his second trial. You're correct, Your Honor, that only a few courts have actually extended Strickland in this circumstance. For example, the Eleventh Circuit in Sims found no problem extending Strickland to this particular circumstance, and also I believe the Minnesota District Court also found no problem in extending Strickland to this particular circumstance. Well, now let me ask you, do you think the Constitution requires an attorney to adequately anticipate a favorable change in the law, a future change? Absolutely not, Your Honor. Well, that's kind of what we have here. The West Virginia Supreme Court had not applied the exclusionary rule on a prompt presentment challenge until after a petitioner's first trial. Your Honor, the West Virginia prompt presentment statute was good law at the time that Mr. Moss's first trial counsel failed to make his objection. So we're not asking you to adopt a per se rule that it's a constitutional violation, that whenever a trial counsel fails to object to a confession under current state law, that that individual has committed a constitutional violation. We're simply asking that this court look particularly at the circumstances in this particular case where it's clear from the suppression hearings that counsel at least knew of this particular law and objected to a third confession, and where the objection to that third confession, the West Virginia Supreme Court considered that a valid objection, even though it was quite convoluted, Your Honor. So it's a very fact-specific inquiry. And I think this also highlights the fact that the district court, had the district court actually done this analysis, and this is why we asked the court to remand the case to the district court, that it's such a fact-intensive inquiry, and the magistrate judge and the district judge have such a command of the facts in this particular case, we think if they, the district court didn't even mention the deficient performance prong of Strickland analysis. They mentioned no prong of Strickland analysis. So we think if this court were to remand the case so that they could fully consider that under the facts and all the circumstances of this case, we think that would be, you know, they could finally perform the Strickland analysis, but no court. Let me ask you this. If you say remand the case, I suppose if we did that, what are we to make of the supplemental appendix that the state has presented that suggests the trial judge, the state trial judge in this case, decided the admissibility of these two confessions on their merits, Ellsworth notwithstanding? First of all, can we consider that now? And if we agree with you that a remand is appropriate, can the district court consider that additional information if the case goes back? Certainly, Your Honor, those documents highlight the fact that the Strickland analysis is fact-intensive, and that had the district court actually performed the Strickland analysis, those documents would certainly be pertinent along with the 3,000-page record. They would certainly be pertinent to that analysis. Now, those documents, however, don't ultimately affect the Strickland analysis because the West Virginia Supreme Court specifically stated that because Mr. Moss' first trial counsel had not objected to those two confessions, those two confessions were per se admissible. So if you reverse the logic on that, Your Honors, really what the Supreme Court is saying is essentially Mr. Moss' first trial counsel performed efficiently, he failed to object, and had he objected, those two confessions would not have come in. Well, you don't mean per se admissible. They still were subject to at least a determination of whether they were voluntary and done in accordance with the law at that time. What you're saying is that because the presentment, in effect, was not done correctly, then it would not be something you could present at this time because it's not retroactive. Yes, that's correct. The second trial court specifically held as the law of the case that the two confessions were admissible, and the new documents make that clear. So the prejudice prong in this specific instance is clear and is substantiated by the reasoning in the West Virginia Supreme Court. Finally, Your Honors, not only did the district court fail to perform the Strickland analysis, the district court also failed to perform the independent Miller analysis as mandated by the Supreme Court in Miller. And the Supreme Court stated that in Miller, a federal court is required to make an independent assessment of the federal law of voluntariness and to apply that law to the facts of the incident case. It is clear from the district court opinion— You seem to have a problem because this federal court didn't cite a federal case or a federal law. That's correct. And so what would you have the federal court to do? I mean, it made its determination. It said in accordance, generally, with law. Does the district court have to actually cite a case? Your Honors, and I can provide a specific quote from an 11th Circuit opinion. Quote, The district court must independently ascertain and apply federal law to determine whether the challenge statement was obtained in accordance with the Constitution. Certainly a strict rule that the district court must cite to a particular case is not what we're asking for. We're just asking for the district court to cite to some voluntariness principle or law in federal case law or even in the Constitution. Voluntariness is a totality of the circumstances analysis. That's a principle law that most, it seems, would be appropriate for the district court to cite to. And then to independently look at the facts of this case to ensure that Mr. Moss' three confessions were voluntary. The court did say that the findings did not amount to an unreasonable application of clearly established federal law. Is there something more the court needs to say? Well, and we think that the court should have said which law, which federal law it's not actually violating. Should have explained what the federal law of voluntariness was and should have applied that law to the facts of the case as a prerequisite to determining the standard in 2254. That is, whether it was contrary to or an unreasonable application of that particular federal law. All right, Mr. Waters. Thank you for your time, Your Honors. You have a few minutes reserved for rebuttal. We will hear from Mr. Goldberg. Good morning. My name is Robert Goldberg, and I am an assistant attorney general for the state of West Virginia. Could you move that mic a little closer to you? I'm sorry. Speak up so we can all hear you. I'm sorry. Wow. Today I represent the respondent, David Ballard, in this case. I think that this case went off the rails with Moss and the Moss case that stated that counsel could not, since counsel had not objected to the first two confessions, they were not admissible, or they were admissible, and since he had objected to the third, it was not admissible. And I think anyone, any reasonable person reading that opinion, might say to themselves, you know, why, why, why didn't you object to the first two confessions? Well, but that's a matter of state law. I mean, it is what it is, and there's nothing that we can do with respect to the application of state law. The question is whether or not the habeas court reasonably applied the relevant law and whether or not counsel was ineffective or, as I see it, failing to predict the change in the law in this case. Absolutely not. And to say that the law did not change between 1980 and the decision in Ellsworth is simply not true. And to say that the law did not change once again between Ellsworth and Moss 1 is simply not true. Ellsworth says in its text, I mean, we talk about the statute, Ellsworth says in its text, the statute is ambiguous. We have a hard time interpreting this statute. We want to issue an opinion setting forth a rule for interpreting this statute. And if you look at the first sentence of Ellsworth, it says, a juvenile who was taken into custody shall be immediately brought before a referee or a judge, but not any longer than the next judicial day. That's the first sentence. And the second sentence is if a referee or a circuit court judge is not available, then you take that juvenile to a magistrate. In Ellsworth, which was really just a case of statutory interpretation, what they said was the magistrate section of the statute, which up to that time people had thought did not modify the first sentence,  in other words, if a circuit judge or a magistrate was not available, or I'm sorry, a referee was not available, you would take that juvenile to a magistrate. The first sentence did not create a single day safe harbor. So are you saying we should effectively decide this case on the Strickland analysis and get past the initial issues that you bring up concerning adjudication on the merits, concerning whether this matter is proper before us in that posture, and just get straight to the Strickland analysis and determine that it's not sufficient? No. But you could and reach the result that you would want. I think the Strickland analysis is very important in this case, and I think the level of deference which has been provided by the petitioner in this case is simply incorrect. I mean, what we would be talking about here is issuing a writ of habeas corpus based on a claim of ineffective assistance of counsel for failing to object to two statements that were admissible under state law, which is not reviewable under AEDPA. If you can't review that now or if it doesn't come up now, when would the petitioner have been allowed to bring an ineffective assistance of counsel claim? He was allowed to bring the ineffective assistance. And where was that? What could that have been? You could look at it. If you look at the second appeal that was filed by Mr. Bickley, and you read the second appeal, you will see that Mr. Bickley argued. He didn't argue law of the case. He argued under Moss 1, this statement is not admissible. The Supreme Court said, we're not taking this appeal. And the trial court judge in the second case said, it could be law of the case, but even if it isn't law of the case, the statements still aren't admissible, and the statements are the fulcrum of the ineffective assistance of counsel claim. Once that issue is adjudicated, the ineffective assistance of counsel claim is also adjudicated. If you look at the second habeas, it was the second habeas. What Judge Bloom says is, this issue goes to the admissibility of the statements. It does. That is the issue. If the statements are admissible, counsel is not ineffective. Unless they're admissible because he failed to object. In which case, he may well be ineffective. My answer to that question is, between 1980... Well, first off, let me say this. I think that counsel got a huge windfall in this case. If you look at the suppression hearing that was conducted in front of Judge Hay, God rest his soul, you will see that counsel never raises a juvenile prom presentment rule. He never even mentions the statute. Well, you started out by pointing to the West Virginia Supreme Court of Appeals case. You said it was unfortunate in the way it can be interpreted. But it is pretty clear the Supreme Court of Appeals in that case did say the third one is out because he objected. The first two stay in because he did not object. And unfortunately, I believe the Supreme Court was incorrect. Interpreting his own law? Absolutely. Who else interprets the constitution and the laws of the state of West Virginia? I think that the Supreme Court gave Mr. McKittrick a windfall because if you look at the third confession, it is completely taken under different circumstances. But who's going to tell them they're wrong is what I'm trying to figure out. Well, I think that Judge McQueen... I mean, it's like the United States Supreme Court is wrong in interpreting the constitution. No, they're certainly not wrong on the law. They're certainly not wrong on the law. What I'm saying is they misinterpreted the facts. And under Strickland, you are not entitled to the benefit of a lawless decision-maker. Now, let me say, if you look at Ellsworth, all Ellsworth says is... Or not Ellsworth, I'm sorry, Moss One. All Moss One says is we have this new rule. The juvenile prompt-presentment statute is now separated from the adult prompt-presentment statute. And you cannot look to the adult prompt-presentment statute for clarity of interpretation for the juvenile prompt-presentment. That is a new rule. If you look at the syllabus points, which is how West Virginia announces its law, you will see there is no citation to a case in Ellsworth for that provision. All Moss One said was, now, wait a minute. We have a choice here. We can either apply this prospectively. We can apply this fully retroactively, which would mean that the West Virginia Supreme Court would probably be inundated with habeas petitions. Or we can apply this under a limited retroactive standard, which is often, if you look at State v. Gangwer and State v. Hickman, which are quoted in Moss One, which is often the way the Supreme Court applies new rules that are not constitutionally based of criminal procedure, because they're balancing the fairness issue, which is very important to the West Virginia Supreme Court, and the fairness issue to the police, should they have known, and the fairness issue, the disruption of the process, if we render this fully retroactive. So this is the way you would have written the West Virginia Supreme Court of Appeals decision? I would have said that he did not preserve his objection to the third. Well, that just makes him even more ineffective. No, I don't think it does, because you have to take into account when the trial took place. And I think this is evidence of, you know, and I can talk to you from experience, but I won't. I've been in West Virginia courtrooms in homicide cases, and I've certainly been in front of Judge Hay. And I can tell you that between 1980 and Ellsworth, everybody interpreted the juvenile prompt resentment statute co-extensively with the adult prompt resentment statute. The rights under the juvenile prompt resentment statute were not triggered, and the adult prompt resentment statute, until you had probable cause for arrest, or you made an arrest. Well, you know, where I guess I'm getting somewhat confused with your argument, it seems as though that's a pretty strong argument from the Strickland analysis perspective. But in terms of the adjudication on the merits of it, I'm still not following as to why the West Virginia Supreme Court of Appeals, who set forth the law, didn't make it quite clear that had he objected to those first two, then they would have set him aside. I mean, that seems to be pretty clear from that opinion. I think that goes back to the retroactivity ruling. But I'm only addressing where you're going now in terms of the Strickland analysis, which is a wholly different situation. We can get there by simply assuming the first two issues that you bring up and simply go to the Strickland analysis and says, well, even if we do reach this, nonetheless, it was not the kind of situation that your counsel would know about because this is what you mentioned. You said this was happening all the time. It just was not an area of the law, and you can't hold counsel responsible for failing to anticipate a change in the rules. Counsel, and maybe if I go into the taking of the statements, the first and second statement were not taken under the exact same circumstances as the third statement. The third statement, first off, was not revealed to defense counsel until the first day of trial, and counsel for the state came up and said, oh, by the way, we haven't gotten around to telling you this, but the officers that drove your client back to Ohio also have a confession. Nothing is written down, but they claim there was a confession. That wasn't true of the first two confessions. So you have that. Then you also have the fact that after the first two confessions. Where does that go? To the purpose of proving that the delay was the basis for getting the confession? What it means is that the introduction of the confessions was substantially different. You can't put one and two and three in the same basket. One and two have to be in their own basket, and three has to be in another basket. The other thing is there was no probable cause to charge him for murder until he confessed. So the juvenile and even the adult, and back in 1979, 1980, the juvenile and even the adult prom presentment rule, and I think it would be true even today. The juvenile and the adult prom presentment rule would not have been triggered. Before you run out of time here, let me ask you about the statements in your brief that suggest that there may be a Teague issue here with respect to retroactivity, even if there's some merit to the IAC claim. Is that the state's position that even if we were to find some merit here, that because we would be announcing a new rule that is in the context of the application of this claim, the fact that we had this earlier trial, it was vacated, you now have a new trial, and you're applying IAC in the context of two cases, that that's a new rule that would not benefit the petitioner in this case? Is that your position? It was at the time. I don't know if it is. I've since researched more thoroughly, and I believe there's a case called State v. Mangini, which is a Pennsylvania case, and it discusses ineffectiveness in the first trial and whether it can be taken to the second trial. So that's not your position? It was. I wish I could say it still was, but it's not. All right, well, what about your submission of this supplemental appendix? What are we supposed to do with that? Well, what that says is that takes apart their entire prejudice argument. But are we supposed to consider that in the first instance, or is that something for the district court to consider? I think you can consider that in the first instance, and the district court certainly had it in front of them. It wasn't something that they – because in the appendix – the reason I filed that supplemental appendix is because in the petitioner's response brief, they said that I quoted that quote out of context, and that was quoted in Nelson Bickley's brief to the Supreme Court, that quote that says these statements don't violate either the letter or the spirit of the juvenile prompt resentment rule. So even if I didn't find it law of the case, they'd still come in. And I wanted to put the – and also the petitioner said the same thing in his habeas. He said – the judge said the same thing. But I wanted to put that in there to assure the court that I wasn't cherry-picking a fact or a statement that was completely out of context. The fact of the matter is the second trial court judge ruled that I don't care, you know, if it's not law of the case, it's still not coming in. Therefore, the chain of prejudice is broken. He wasn't handcuffed by first trial counsel. And I think that also goes to the interpretation of Moss 1. You have a state court judge interpreting state law decided by the state Supreme Court and saying, okay, we could apply Ellsworth, but that doesn't mean that the confessions aren't coming in. We're going to – and then it goes to state court again, and state court says I'm aware of Moss 1, and defense counsel certainly argued Moss 1, but it said, you know, I'm interpreting Moss 1 as we'll apply Ellsworth, but still we don't think that these two confessions satisfy Ellsworth. And therefore, they are admissible. And the Supreme Court rejected that petition for appeal, which is an adjudication on the merits. Mr. Goldberg, your time is up. We appreciate your argument here today. Can I? We appreciate your argument. Thank you, and thank you, Justice O'Connor, for being here. Mr. Walters, you have a few minutes for rebuttal. First, I think it's a supreme irony that the state is arguing that this court should ignore the West Virginia Supreme Court decision on whether or not an objection was made to the third confession. The West Virginia Supreme Court has ruled that an objection was made under the juvenile presentment statute, and this court should abide by that particular ruling as Judge Wynn indicated. What if we assume all of this in terms of how it's before us and go straight to the Strickland analysis, and it seems to be the point that even if we analyze this in a Strickland perspective, that it was not enough to establish ineffective assistance of counsel? We think there is enough evidence, Your Honor, to establish that there was ineffective assistance. And, again, the West Virginia Supreme Court opinion is critical to Strickland analysis. The West Virginia Supreme Court decision specifically implies that had Mr. Moss's first trial counsel objected to those two confessions as he objected to the third confession, that those confessions would have been inadmissible and that the second trial court would have been bound, as it did for the third confession, to exclude those other two confessions. So because Mr. Moss's first trial counsel performed efficiently, he failed to object to those two confessions, Mr. Moss was prejudiced at his second trial. And in sum, again, this is a fact-intensive inquiry, as we previously mentioned, and the reason we're asking for a remand to the district court is because the district court understands very clearly the facts in this particular case. At least they've started to work through the extensive record. And we think, for reasons of judicial economy, it would be best for this court to remand the case to them to finally perform the Strickland analysis, which no court, again, has performed. And if there are no further questions, Your Honor, I'd just like to thank you for your time and say for these reasons we respectfully request that this court remand the case to the district court to perform the Strickland analysis and also to do the voluntary Miller analysis. Thank you for your time, Your Honors. Thank you, Mr. Waters, and thank you, Professor, for, I call you Mr. Waters, you actually, your name is Stuart McComas, is that correct? Yes, Your Honor. You didn't correct me one time. I guess being called a professor was fine with you. Well, thank you, Professor Waters, and thank you, Mr. McComas, and the University of Virginia School of Law Appellate Litigation Fund for your services, and thank you, Mr. Goldberg. The court will now come down and greet the counsel.
judges: Sandra Day O'Connor, James A. Wynn, Jr., Albert Diaz